IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL PALMER, | )<br>) |
| Plaintiff, | ) Case No. 3:13-0330<br>) Chief Judge Haynes |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff, Michael Palmer, filed this action under 28 U.S.C. § 1339 and asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) against the Defendant United States of America. Plaintiff's claims arise from injuries sustained by Plaintiff as a result of a vehicle collision with a federal postal employee with the United States Postal Service ("USPS")..

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 15) contending this action is time-barred for failure to file a timely request for reconsideration and a timely legal action under the FTCA. Plaintiff responds that this action is timely filed after the last administrative decision

### A. Analysis of the Complaint

According to the complaint, on April 16, 2011, Plaintiff was involved in a motor vehicle accident with a United States postal vehicle that was driven by a postal worker. This accident occurred near the intersection of Gallatin Pike and Cude Lane, in Davidson County, Tennessee. The USPS driver who was operating a "Gruman step van", was acting within the scope of her employment as a city carrier.

Thereafter, the parties exchanged a series of letters. On April 28, 2011, USPS received a letter from the Fisher Law Group representing Michael Palmer and Kyieta Palmer. (Docket Entry No. 17-1 at 2). By letter dated April 28, 2011, USPS responded with an explanation of the procedures for a tort claim. (Docket Entry No. 17-2). On May 20, 2011, USPS received a letter from Fischer Law Group with a completed claim form 95 for $28,000.(Docket Entry No. 17-3). On May 23, 2011, USPS acknowledged Plaintiff's claim, but informed Plaintiff about the lack of necessary documentation of the claim that is required for agency consideration. (Docket Entry No. 17-4). By letter dated July 7, 2011, USPS informed the Fischer Law Group that Plaintiff's claim could not be considered absent documentation. (Docket Entry No. 17-5). By letter dated August 18, 2011 letter to Fisher Law Group, USPS again cited the lack of necessary documentation to consider Plaintiff's claims and absent such proof, USPS would deny the claim. (Docket Entry No. 17-6).

Thereafter, USPS transferred Plaintiff's claim to another USPS unit. On September 14, 2011, the USPS advised the Fisher Law Group of the transfer of Plaintiff's claim to USPS's Accounting Service Center ("ASC"), and provided information to contact ASC. (Docket Entry No. 17-7). By letter dated October 3, 2011, ASC requested the Fisher Law Group to provide documentation for Plaintiff's claim that must be competent evidence. (Docket Entry No. 17-8). On November 4, 2011, ASC informed the Fisher Law Group that absent medical documentation, within fourteen (14) days, Plaintiff's claim would be denied. (Docket Entry No. 17-9).

On December 7, 2011, USPS denied Plaintiff's claim citing the lack of competent evidence, but explained that USPS would reconsider Plaintiff's claim, if a request for reconsideration were filed within six (6) months from the date of the denial letter or Plaintiff

2

could file his action. (Docket Entry No. 17-10). The six (6) month period for Plaintiff to request reconsideration or to file a legal action expired on June 7, 2012 without a request or filing of a legal action by Plaintiff.

On July 16, 2012, USPS received an unsigned claim form dated July 13, 2012 from Chadwick W. Stanfill, an attorney that identified the claimants as "Michael and Kyieta Palmer" with claims of $10,019.75 for injuries. (Docket Entry No. 17-11). Neither Stanfill nor Michael Palmer or Kyieta Palmer signed this claim form. Id. By letter dated October 23, 2012, USPS advised Stanfill of its receipt of "July 13, 2012" claim, but explained that because a request for reconsideration had not been received by June 7, 2012, the July 13th claim was beyond the six (6) month period, the July 13th claim could not be considered as a request for reconsideration. (Docket Entry No. 17-11).

## B. Conclusions of Law

"The United States, as sovereign, is immune from suit save as it consents to be sued...." United States v. Sherwood, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., ("FTCA") "provides a limited waiver of the national government's immunity from suit for torts committed by federal employees and places several conditions on the waiver". Ellison v. United States, 531 F.3d 359, 361 (6th Cir. 2008). An FTCA tort claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued, and must also file a civil action within six months after the agency mails the notice of final denial of the claim:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by

certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) See Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002).

Yet, this limitation period is tolled if within six months of the date of the mailing of the final notice of denial of the claim, the claimant makes a timely request for reconsideration.

> Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. **Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration.** Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.

Stewart v. U.S. Veterans Admin., 722 F. Supp. 406, 407 (W.D. Tenn. 1989) (quoting 28 C.F.R. § 9) (emphasis added).

Here, USPSe denied Plaintiff's claim on December 7, 2011 and under 28 U.S.C. § 21401(b, the deadline for any request for reconsideration or legal action was June 7, 2012, (b). Plaintiff did not request reconsideration by June 7th and Plaintiff's July 13th claim was not signed and was received long after the June 7th deadline. Under the FTCA, an administrative claim must be presented in the name of the claimant and signed by the claimant or his agent or legal representative with evidence of his authority to act for the claimant. Moody v. United States, 585 F.Supp. 286, 287 (E. D. Tenn. 1984).

As to the filing of this action on April 11, 2013, this filing is also beyond the six month limitation in 28 U.S.C. § 2401(b), given the December 7, 2011 denial letter. Thus, this Court lacks jurisdiction to consider an untimely FTCA claim. Ellison, 531 F.3d at 364 ("When the

4

Postal Service mailed its denial of Ellison's claim, it triggered the six-month countdown, and, because Ellison did not file her lawsuit before that window closed, the Act bars her claim."); Humphrey v. United States Attorney General's Office, 279 Fed. Appx. 328, 331 (6th Cir. 2008) ("The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal on the merits.")

For these reasons, the Court concludes that the Defendant's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**Entered** this the _11_ day of December, 2013.

William J. Haynes, Jr.
United States District Judge